UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

Court File No. _____

Lance Gerald Milliman,

                        Plaintiff,

v.                                               COMPLAINT PURSUANT TO 42 U.S.C. 1983

County of Howell, Robert David Ray,
Michael P. Hutchings, Bethany Hanson Turner,
Scott L. Nelson and Levi Stoops,

                        Defendants.

_____

CIVIL RIGHTS COMPLAINT WITH JURY DEMAND

    This is a 42 U.S.C. 1983 action filed by Lance Gerald Milliman, alleging violation of constitutional rights and seeking money damages, injunctive and declaratory relief. The plaintiff requests trial by jury.

NATURE OF THE ACTION

    This is a civil action seeking money damages, injunctive and declaratory relief against the defendants for committing acts, under color of law, which deprived the plaintiff of rights secured under the United States Constitution and the laws of the United States; for conspiring for the purpose of impeding and hindering the due course of justice with the intent to deny the plaintiff equal protection of the law and due process; and for refusing or neglecting to prevent such deprivations and denials to the plaintiff. The acts of the defendants were completed with reckless disregard and deliberate indifference to the constitutional rights of the plaintiff; and for deprivation of the plaintiff's constitutional rights which occurred as part of an unlawful act or series of acts or a lawful act or series of acts by unlawful means which were designed to harm or damage the plaintiff. The plaintiff seeks a declaration that the actions of the defendants violates the United States Constitution and the laws of the United States.

JURISDICTION AND VENUE

    This is a civil rights action authorized by 42 U.S.C. 1983. This Court has jurisdiction under 28 U.S.C. Sections 1331, 1343, 1367 and 2201. Venue is proper in the Western District of Missouri.

PLAINTIFF

    Plaintiff Lance Milliman is and was at all times relevant herein, a citizen of the United States

and the State of Minnesota in which he resides.

## DEFENDANTS

Defendant Howell County, Missouri is a political subdivision of the State of Missouri whose county board is responsible for providing oversight and supervision of the actions taken by Defendant Michael P. Hutchings.

Defendant Robert David Ray is an associate circuit court judge for Missouri's 37th Judicial Circuit and has taken over the matter from judge Truman Wiles, who was no longer in office, in December of 2018.

Defendant Michael P. Hutchings is the Howell County Missouri prosecuting attorney and has been involved in this matter from the beginning.

Defendant Bethany Hanson Turner is the public defender for Missouri's 37th Judicial Circuit and became involved in this matter when the plaintiff made an application for a public defender. Defendant Bethany Hanson Turner made the decision to deny plaintiff counsel in the matter and filed said denial with the 37th Judicial Circuit.

Defendant Scott L. Nelson is a Missouri State Highway Patrol Trooper who wrote a citation to plaintiff at the request of defendant Levi Stoops, who arrested plaintiff on a warrant on a matter that was later dismissed by the prosecutor for lack of probable cause, who performed the illegal search and seizure of plaintiff's tractor-trailer unit and ultimately placed plaintiff under arrest based upon the alleged fruits of the illegal search and seizure.

Defendant Levi Stoops is a Missouri Highway Patrol Commercial Vehicle Inspector and was responsible for stopping the plaintiff which began this chain of events.

## FACTS AND LEGAL CLAIMS

1. Although the plaintiff has appeared in courts many times, he failed to make his appearance in the criminal matters complained of herein, because of financial constraints. However, it appears less like justice for the State of Missouri and more like oppression, suppression and repression for the plaintiff. The defendant's concern is not to look for some solution to this matter, their only concern is to slap handcuffs on the plaintiff again to keep the plaintiff under their control, to keep the plaintiff down and to end the plaintiff's continued opposition to the charges filed. These defendants wish to burden the plaintiff with cruel and unjust restraints, subject him to burdensome or harsh exercise of authority based upon the plaintiff's indigency and his inability to afford an attorney. The plaintiff, realizes that there must be some penalty for his failure to appear. However, here, the punishment does not fit the alleged crime, for three alleged misdemeanors two of which have become petty misdemeanors and have no criminal liability whatsoever.

2. The violations and damages complained of herein have been financed by Howell County and have been continuous since this incident happened on February 26, 2011. Howell County is ultimately the body of government that is responsible for the defense of plaintiff's rights in a

court in Howell County and when they do both finace and defend the parties, whose interest do you think is afforded the most consideration. Defendants Howell County, Robert David Ray, Michael P. Hutchings, Bethany Hanson Turner, Scott L. Nelson and Levi Stoops even though there was no probable cause for their actions, they conspired to cover up defendant Scott L. Nelson's and defendant Levi Stoops' improper issuance of a citation for a logbook violation, defendant Scott L. Nelson's illegal search and seizure conducted on plaintiff's tractor-trailer unit, his failure to obtain a search warrant at least two (2) and maybe three (3) separate times during the course of his search and investigation, and even though he had more than sufficient time to obtain a warrant and had been advised to do so by another trooper he failed to do so. The fact-specific version from plaintiff's motion to dismiss and motion to suppress is as follows:

     3. This incident took place on or about February 26, 2011, some 775 miles from Milliman's home. Milliman failed to appear and answer to the complaint. A warrant was issued for his arrest and it remains in full force and effect to this day. To some, it may look like a serious lack of respect for the law and in most cases Milliman would agree. However, there are times when the accused cannot appear because he lacks the finances to do so and all the good intentions in the world will not change that.

     4. The trial court and the prosecution has saw fit to place further obstacles in Milliman's way to add to Milliman's financial problems by seeing that Milliman's commercial driver's license remains revoked so that Milliman cannot work at his usual occupation making a resolution to this matter impossible any time soon. The plaintiff was forced to take his Social Security Retirement early as a consequence of the ten (10) plus year revocation of plaintiff's driver's license by the defendants. Then, there is the fear of what Milliman witnessed and suffered at the hands of the state highway patrol officer who discarded every constitutional right Milliman had. Milliman's lack of respect is not focused toward the Missouri court system but is focused toward the prosecutor and the officers whose actions appear to be the regular operating procedure for members of the Missouri State Highway Patrol and the Howell County Prosecutor's Office, which is totally disgusting.

     5. There is case after case, in the Southwest Reporter where this same scenario plays out. You have Missouri state troopers requesting to search someone's vehicle with absolutely no reasonable suspicion and no probable cause for doing so and it is always starts with the same question, do you have any weapons, contraband, or large amount of currency in your truck? [vehicle] Can I search the truck? [vehicle] The question seems to cover just about every conceivable area of the vehicle where anything could be hidden which makes it an exploratory search which is illegal whether or not you have a warrant. In this case, officer Nelson failed to advise Milliman of his <u>Miranda</u>, rights at the appropriate time, failed to obtain a warrant for a blood and urine sample and conducted a search and seizure with no consent and without obtaining a warrant for his search. It appears this officer dislikes following proper procedure and the law and finds it more appropriate to make his own rules at the expense and comprimise of the United States Constitution, the Missouri Constitution and the plaintiff's constitutional rights.

     6. Then you have prosecutors like Mr. Hutchings, who bring cases forward without any expectation of obtaining a conviction and allow police officers to continue using this line of illegalities as long as it makes their case for them. The prosecutors back up the police officers action even when it conflicts with their added duties as a prosecutor under the Rules of

Professional Conduct. Rule 4-3.8 Makes the prosecutor's duties clear in respect to (a) refrain[ing] from prosecuting a charge that the prosecutor knows is not supported by probable cause; (d) Make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense....

  7. A prosecutor has the responsibility of a minister of justice and not simply that of an advocate. The responsibility carries with it specific obligations to see that the defendant is accorded procedural justice and that guilt is decided upon the basis of sufficient evidence. Precisely how far a prosecutor is required to go in this direction is a matter of debate and varies in different jurisdictions. Many jurisdictions have adopted the ABA Standards of Criminal Justice Relating to the Prosecutors Function, which in turn are the product of prolonged and careful diliberation by lawyers experienced in both criminal prosecution and defense. Applicable law may require other measures by the prosecutor and knowing disregard of those obligations or a systematic abuse of prosecutorial discretion could constitute a violation of Rule 4-8.4. Mr. Hutchings is guilty of that offense several times over and judge R. David Ray's failure to curtail Mr. Hutchings illegal activities makes one wonder whether or not he should be on the bench because his own actions are outside of the United States and Missouri Constitutions, and the Code of Judicial Conduct in not appointing counsel for Milliman.

  8. In the present case, the evidence shows the police officer did not follow the law and that the prosecutor also failed to follow the law in an effort to save his case. The police officer's own statements show his failure to follow the law and in turn the prosecutions failure to follow the law as well. When these types of actions by the police and the prosecutor, take place then the responsibility falls upon the trial court judge to enforce the rules. However, when you have a trial court judge who acts with prejudice and bias in his failure to enforce the rules, in his failure to appoint an indigent defendant counsel and restrain the police and prosecutor from taking unconstitutional actions in covering up their illegal acts in disregarding the law, the whole proceeding has become a sham and justice is not served.

  9. Before bringing this present motion to dismiss and motion to suppress, pro se, Milliman applied to the Howell County District Public Defender's Office through its representative Bethany Turner for representation and said representation was denied. Bethany Turner had made the decision that the defendant's household income was over the guidelines set forth by the State of Missouri. This is so, even though Milliman is certified as disabled by the State of Minnesota and has not had his commercial driver's license or been employed since this matter occurred in 2011. The Circuit Court Judge R. David Ray, apparently did not see fit to make any change to that decision because the matter has been before him when the public defender's decision was filed and again in a letter from Milliman to the Court. (see attached exhibits 1 and 2; proof of Milliman's indigency) These documents have not been provided to the prosecution because frankly, it is none of his business.

  10. According to the report of Commercial Vehicle Inspector Levi Stoops, defendant Milliman entered the scalehouse on February 26, 2011 at 10:52 A.M. The report points out that Stoops inspection and related activities ended at 11:47 A.M., on that date and noted that there was no bill of lading and the tractor-trailer was empty, not carrying any cargo. Stoops told defendant Milliman that "a state trooper is coming up here to talk to you, you are not under arrest but you cannot leave either." Defendant Milliman had returned to his tractor-trailer and

parked it about 50 yards away from the scalehouse where CVI Stoops told Milliman to park "because you will be going to jail and it will be safe there."

11. CVI Stoops came out to Milliman's tractor-trailer and stated, "you need to come inside the scalehouse because the trooper is on his way and he is going to search you just to make sure you don't have anything." Milliman locked the truck and went back to the scalehouse and was met by officer Nelson a short time later. Worth noting is the fact that Stoops claims he completed his report at 11:47 A.M., the last claimed violation, in that report, Stoops listed could not have possibly been know to Stoops prior to 11:47 AM because officer Nelson had not even arrested Milliman on that charge until 12:30 P.M. It was added later in an effort for Stoops to get his "15 minutes of fame" and credit for the "bust".

12. According to officer Nelson's report, he was dispatched by Troop G dispatch on February 26, 2011 at 11:30 A.M. According to officer Nelson, "Stoops, informed me he had completed an inspection on the truck they had stopped... He, [Stoops] asked me [Nelson] to issue the driver a UC for the violation." Officer Nelson told Milliman, "you are under arrest for the two warrants and you will have to post bond to be released." Officer Nelson placed handcuffs on Milliman and took Milliman's wallet and keys away from Milliman. That is when officer Nelson asked Milliman "do you have any weapons, contraband, or large amount of currency in your truck." Milliman replied "no I don't." I [officer Nelson] asked him [Milliman] "can I search the truck." Officer Nelson claims "he [Milliman] stated I could."

13. Officer Nelson then took Milliman to his truck in handcuffs, unlocked the driver's door, climbed in and began a search. Milliman remembers the encounter with officer Nelson, in regard to consent to search, differently. However, it is not the defendant's burden to prove non-consent, it is the State's burden to show voluntary consent. "On 02/26/2011 at 1230 hours I [Nelson] arrested Lance Gerald Milliman, date of birth, 08/12/1957, for DWI, (operating a commercial vhicle while in an intoxicated condition) possession of less than 35 grams of marijuana, possession of drug paraphernalia, and two outstanding arrest warrants."

14. Further, according to officer Nelson, "I transported Milliman to the Cabool Police Department for processing. Trooper Crewse responded to conduct a Drug Recognition Evaluation on Milliman. I explained [to] Milliman the Missouri Implied Consent Law, which he stated he understood at 1321 hours. I asked if he would provide a sample of his blood and urine.... At 1326 hours Milliman stated he would not provide a sample. I explained [to] Milliman his rights according to the Miranda, decision at 1328 hours and he [Milliman] stated he understood. Trooper Crewse also did not perform a DRE on Milliman due to him [Milliman] i[n]voking his right to counsel."

15. There was a disagreement between Nelson and Crewse over the proper police procedure to be followed, in regard to this situation. The disagreement did not last long because Nelson out-ranked Crewse and when Nelson pushed the matter, Crewse simply backed off. The disagreement was that Crewse told Nelson that he needed to "take this matter to the on call prosecutor and judge for a warrant to do a blood test in light of what is happening in regard to State v. McKneely." (358 S.W.3d 65 (Mo. 2012) and later State v. McKneely, 569 U.S. 141 (2013)) Crewse said, "The prosecutor and the judge are available and the prosecutor's have been screaming that we need to get a warrant and a blood sample." Nelson told Crewse, "I can

show possession, that'll be enough."

16. The only reason that the defendant is filing this motion to dismiss and motion to suppress pro se, is the fact that Circuit Court Judge R. David Ray refused to appoint counsel. The defendant does not have the funds to afford representation and the State of Missouri is attempting to put off the responsibility to provide counsel upon the defendant's wife who brings in the only income in the household. The denial of the appointment and assistance of counsel by the Circuit Court Judge R. David Ray and Bethany Turner an Assistant Deputy Public Defender, violates the United States Constitution's Sixth Amendment right to counsel in a criminal proceeding, the defendant's Fifth and Fourteenth Amendment right to Due Process and Equal Protection of the law. Said Denial of counsel also violates Rule 31.02(a) of the Rules of the Missouri Supreme Court and Article 1, section I18(a) of the Missouri State Constitution.

17. Welcome to State v. Milliman, In this case, you have CVI Stoops claiming that Milliman needed a logbook. Milliman tried to explain to Stoops that he did not need a logbook because he was operating the tractor-trailer pursuant to 49 CFR 390.5 of the Federal Motor Carrier Safety Act and an exemption pursuant to 49 CFR 390.3 (f)(3) of said Act known as the "recreational exemption." In this case, the tractor-trailer was not being used for business purposes in furtherance of a commercial enterprise. Milliman was not hauling personal property for another individual and he was not compensated in any way for the tractor-trailer's operation. If a driver used by a motor carrier operates a CMV (commercial motor vehicle) to and from his/her residence out of State, is this considered interstate commerce?

18. According to fmcsa.dot.gov/regulations/title 49/section 390.5 If the driver is operating a CMV at the direction of the motor carrier, it is considered interstate commerce and is subject to the FMCSR's. If the motor carrier is allowing the driver to use the vehicle for private personal transportation, such transportation is not subject to the FMCSR's. The tractor-trailer in this case, was being used only to transport Milliman to his residence as private personal transportation. Thus, no logbook required and no citation should have been issued by Stoops or Nelson. Stoops said, "it doesn't matter." Have you ever tried to tell a commercial vehicle inspector or a police officer, for that matter, that they were wrong? Milliman did not argue the point further as it would have been futile.

19. You have officer Nelson's narrative of the events which was prepared by him shortly after the incident occurred and who makes no claim to having grounds or probable cause to search the Milliman's tractor-trailer under any of the exceptions to the warrant requirement. There is no claim of good faith, there is no claim of the tractor-trailer being impounded, there is no claim of inevitable discovery and there is no claim that an inventory was being conducted. Officer Nelson only identifies "consent" as authorizing his search and absent such consent a search without a warrant is presumed unreasonable and the evidence will be excluded unless it falls into one of the exceptions to the warrant requirement. Good faith generally is not applicable to warrantless searches. By officer Nelson's own statements, it can be determined that this search of the tractor-trailer was not incidental to arrest. Without there being probable cause for the search, then based upon the Mobile Conveyance Doctrine (Carroll Doctrine), it does not allow police officers to open Milliman's closed luggage or any containers within that closed luggage.

20. In this case, there was no mention of the odor of marijuana that would have provided probable cause for officer Nelson to search the tractor-trailer. <u>United States v Beard</u>, 70 F.3d 1062 (8th Cir. 2013); <u>State v. West</u>, 58 S.W.3d 563 (Mo. App. W.D. 2001); <u>State v. Donovan</u>, 539 S.W.3d 57 (Mo. App. E.D. 2017); <u>State v. Gambow</u>, 306 S.W.3d 163 (Mo. App. S.D. 2010); <u>State v. Lee</u>, 498 S.W.3d 442 (Mo. App. W.D. 2016). According to officer Nelson, "Milliman and I walked out to the truck and I searched the interior. I located a blue duffle bag in the sleeper of the truck. [I]inside the bag.... I also located a large prescription pill bottle, which contained a green leafy substance. I opened the bottle and detected the distinct odor of marijuana...."

21. If officer Nelson is going to make the claim that Milliman consented to the search of his tractor-trailer, one would believe that the United States Constitution would require and the case law certainly requires "expressed language or a direct exchange" between officer Nelson and the grantor of the "consent" Milliman. In this case, officer Nelson, instead of supplying direct speech (conveying the message of the speaker in his own actual words without any change to another person) the police officer provided indirect speech or the third-person limited omniscient commonly used in fiction (conveys the message of the speaker in his own words to another person). Officer Nelson states, the following exchange took place between the suspect/defendant and officer Nelson: " I told Milliman he was under arrest and would have to post bond to be released." I asked Milliman if he had any weapons, contraband, or large amounts of currency in his truck. He replied he did not. I asked him if I could search the truck and he stated I could."

22. The problem with the exchange between Milliman and officer Nelson, is that the defendant remembers the verbal exchange between officer Nelson and himself much differently. In order to be a valid waiver under the due process clause of the United States Constitution, it must be shown to have been an intentional relinquishment or abandonment of a known right or privilege. If a guilty plea is not knowingly, voluntarily, and intelligently made, it has been obtained in violation of due process and is therefore void, pursuant to the Federal Rules of Criminal Procedure and Rule 24.02 of the Missouri Rules of Criminal Procedure. When, as here, words are especially important and clarity is sought, all parties need to be aware that the interpreter is not a narrator but a repeater. Clear communication is essential in legal settings where the rights of others and life itself are at stake.

23. Another problem with officer Nelson's search occurs when Nelson locates "a blue duffle bag in the sleeper of the truck. Inside the bag.... " Officer Nelson never specified what he was looking for during his search and the circumstances of this case, requires officer Nelson to seek consent from Milliman to look inside this "blue duffle bag in the sleeper of the truck." For the sake of argument, even if officer Nelson had been given general consent to search, to which Milliman does not concede, the same problem remains, a seperate or additional consent from Milliman must be obtained to look inside the bag and absent this specific consent, at a minimum, the bag must be seized and a warrant must be obtained to look inside the bag. Officer Nelson does not have the option to just open the bag and look inside where you might find the treasure of the poisonous tree. This is the second time officer Nelson failed to obtain the warrant necessary to justify his actions.

24. Howell County Prosecutor Michael P. Hutchings, brings forth these charges along with officer Nelson of the Missouri Highway Patrol in an effort to save the county's case, after officer

Nelson without Milliman's consent conducted an illegal and unlawful search of Milliman's tractor-trailer and seized some of Milliman's personal property, after Officer Nelson failed and refused to obtain a warrant for a blood and/or urine sample and after failing to advise Milliman of his Miranda rights until after officer Nelson had already questioned Milliman extensively for over two hours after the original arrest. You have several pages of on point case law and none of it supports what officer Nelson did on that day and then you have individual government officials like Michael P. Hutchings who conspire to cover-up and keep officer Nelson's illegal and unlawful search and seizure, his failure to obtain a warrant and his failure to advise Milliman of his Miranda rights a secret. Officer Nelson's own explanation on gaining consent to search is not supported by his own statement of the facts. In fact, prosecutor Michael P. Hutchings has not even turned over all the evidence in this case.

25. Neither officer Nelson nor prosecutor Hutchings are the arbitrators of the United States or the Missouri State Constitution. They do not get to choose the procedure they follow in regard to a search and seizure with or without a warrant. They do not get to choose what they search for. Their search must be for specific evidence of the crime or illegal activity for which they have knowledge of, and the specific evidence sought must support the crime or illegal activity upon which their search began. There was never any mention by officer Nelson of what, exactly, he was looking for during his search. That raises another problem with the actions of officer Nelson, where he conducts a general or exploratory search of the defendant's tractor-trailer which is illegal and unlawful under the Fourth Amendment even if you have a search warrant. Hernandez v. People, 150 Colo. 316 (Colo. 1963); State v. Lee, WD78404 (Decided May 03, 2016); State v. Douglass, 544 S.W.3d 182 (Mo. 2018).

26. Likewise, neither officer Nelson nor prosecutor Hutchings are the arbitrators of whether or not a warrant must be obtained to draw a blood and/or urine sample, if Milliman refuses to provide same, and you intend to charge Milliman with DWI. Nelson and Hutchings do not get the benefit of using Milliman's refusal to test as evidence against him in a court of law because of Nelson's failure to obtain a warrant for blood and/or urine sample. Officer Nelson was warned of the consequences of failure to obtain a warrant to draw a blood and/or urine sample by officer Crewse.

27. Officer Nelson was taking Milliman to jail and knew or reasonably should have known there would be, more than sufficient time to obtain a warrant to do a blood and/or urine sample without the potential for the destruction or removal of the alleged evidence. Yet he did not do that, instead he performed an illegal and unlawful search of Milliman's tractor-trailer with no reasonable suspicion, no consent and no probable cause which violated Milliman's Fourth Amendment rights in regard to an unlawful and illegal search and seizure.

28. The exclusionary rule applies in this case because the alleged search of defendant's bag was illegal because it was not in his hands at the time of arrest. When the defendant in a criminal case has shown that the evidence against him was obtained through an illegal search or seizure, the exclusionary rule generally requires that such evidence be suppressed. The exclusionary rule applies not only to items obtained by the illegal search, but also to any derivative evidence which is discovered based upon the knowledge gained by the police through the illegal police conduct. This derivative evidence has been called the "fruit of the poisonous tree."

29. Said search, in this case, was not "constitutionally permissible" under the Fourth Amendment to the United States Constitution and/or Article 1 Section 15 of the Missouri State Constitution as the defendant never consented to said search, there was no warrant and no probable cause for the search of defendant's tractor-trailer. The search in this case was invalid since it went far beyond his person and the area from which he could have obtained a weapon or destroyed evidence.

30. Milliman's Fourth Amendment rights to be free from unreasonable searches and seizures has been invaded by officer Nelson and prosecutor Hutchings. Milliman never consented to any search of his tractor-trailer by officer Nelson or the search of his luggage which also required a warrant to look inside. Nelson's own statements demonstrate this, making Nelson's search a direct violation of the United States Constitution and the Missouri State Constitution. Milliman made no statement to officer Nelson that could be construed as consent as is required by law, and prosecutor Hutchings is fully aware of that fact. The illegal acts committed by Nelson require all evidence obtained or discovered as part of Nelson's illegal search and seizure be suppressed from evidence and from the record.

31. Milliman's Fifth and Fourteenth Amendment right to due process and equal protection of the law has been trampled upon by police officer Nelson and prosecutor Hutchings by their failure and refusal to follow the Missouri Rules of Criminal Procedure in their handling of this case. The failure to obtain the warrant necessary for a blood and/or a urine sample and the search of Milliman's tractor-trailer coupled with the failure to advise Milliman of his right to remain silent and his right to counsel until after two (2) hours of questioning had taken place is totally unexcusable and requires that this matter be dismissed with prejudice.

32. Defendant Milliman's Sixth Amendment right to remain silent and his right to counsel has been invaded by the actions of officer Nelson and prosecutor Michael P. Hutchings when officer Nelson failed to advise Milliman of his Miranda rights until two (2) hours after officer Nelson had interrogated Milliman, on a totally different matter from the original arrest and then a second time by the actions of Judge R. David Ray, the Missouri Public Defenders Office and its representative Bethany Turner in denying Milliman the appointment of counsel. Milliman is indigent and disabled and the reasoning used by the State Public Defenders Office to deny him representation is improper under Sixth Amendment standards. The Sixth Amendment does not read that a criminal defendant who is himself indigent and disabled is not entitled to representation by the public defender because his wife makes too much.

33. The defendant researched several legal principles that may or may not allow government intrusion into locked containers. The central feature of this question is to understand why the officer is intruding into protected areas. The law enforcement officer should always remember that the courts will look upon any search conducted without a warrant with suspicion. Oftentimes, the law enforcement officer can dismiss these issues by simply obtaining a valid consent to conduct the search. When a warrant or consent is not obtainable there are few justifications for opening a locked container. These justifications are limited to containers encountered during a mobile conveyance (Carroll) search, an inventory search and those within an arrestee's immediate control. Otherwise, it is probably best to refrain from opening the locked container.

(In detailing the actions of defendants Scott L. Nelson, defendant Levi Stoops and Trooper Crewse that occurred on February 26, 2011, the plaintiff would submit his moving papers in the criminal matter which consist of the motion to dismiss and the motion to suppress attached as Exhibit A., an affidavit of Lance Milliman attached as Exhibit B., and the Missouri criminal matter docket sheets attached as Exhibit C.)

34. Defendants Howell County, Robert David Ray, Michael P. Hutchings and Bethany Hanson Turner conspired to deny plaintiff the assistance of counsel, access to the courts, due process and equal protection of the law which is guaranteed by the United States Constitution in the 1st, 5th, 6th and 14th Amendments and the corresponding parts of Missouri's State Constituion and discriminated against plaintiff in violation of the 5th and 14th Amendments to the United States Constitution and the corresponding parts of Missouri's State Constitution, due in part to the fact that plaintiff has been unemployed for over ten 10 years and unable to work at his chosen occupation since this incident happened and is a recipient of public assistance because of disability and because plaintiff's wife makes to much money. Said constitutional violations and discrimination has lead to the denial of plaintiff's Sixth Amendment right to counsel in a criminal matter because counsel should be provided if the plaintiff cannot afford counsel. This type of denial is a common everyday occurence in courtrooms all across the State of Missouri because Missouri is 49 or 50 out of the 50 states in the spending of funds related to public defense. Said discrimination and denial of contitutional rights make defendant Robert David Ray incompetent to rule on the appointment of counsel because of political pressure from the State of Missouri who does not want to spend a single penny on the defense of indigent criminal defendants.

35. Defendants Howell County, Robert David Ray, Michael P. Hutchings and Bethany Hanson Turner have caused the criminal proceedings to become a sham and their constitutional violations and discrimination as shown in the moving papers gives rise to plaintiff's request for this Court to block the continued prosecution of the plaintiff by these defendants. The actions of defendants Scott L. Nelson and Levi Stoops in the issuance of a citation and the unlawful search and seizure of the plaintiff's tractor-trailer was illlegal and the prosecution herein was brought in bad faith and for the purpose of harassment and retaliation against plaintiff for the exercise of his constitutional rights and as argued earlier in this complaint, the illegal and unconstitutional denial of counsel along with the other identified constitutional violations and discriminatory actions taken by the defendants, are an every day occurance in the State of Missouri, against indigent criminal defendants in its state court system. See e.g., Lewellen v. Raff, 843 F.2d 1103 (8th Cir. 1988)(court upheld the district court's issuance of a preliminary injunction against a criminal prosecution brought by the State of Arkansas against the black attorney; because plaintiff demonstrated that the prosecution was brought in bad faith for the purpose of retaliating against him for the exercise of his First Amendment rights; in addition, plaintiff "painted a picture of pervasive racism and discriminatory treatment of blacks in the [county] court system"; further plaintiff showed great and immediate irreparable injury).

36. In a subsequent letter to defendants Robert David Ray and Michael P. Hutchings, the plaintiff pointed out that defendant Hutchings had not turned over all the evidence in the matter, part of which the plaintiff identified specifically. Other evidence not turned over to the plaintiff appears on this matter's Howell County docket sheet dated April 8, 2019 Request for

records filed and an April 10, 2019 Correspondence sent entry. The specific evidence defendants Robert David Ray and Michael P. Hutchings were informed was missing dealt with the police and related reports of CVI Levi Stoops in relation to the alleged log book violation and the police and related reports filed by Trooper R.D. Crewse who was involved in this matter briefly. Further, said letter informed defendant Robert David Ray and defendant Michael P. Hutchings of the fact that the plaintiff was or had been involved in civil legal proceedings against defendant Michael P. Hutchings. Even if it is not usually within the purview of this Court, lawyer discipline that is, defendant Michael P. Hutchings' continued involvement might well be considered attorney or prosecutorial misconduct.

37. Defendants Robert David Ray and Michael P. Hutchings, in a motion served and filed by plaintiff, in the criminal proceeding, conspired to deny plaintiff access to the courts, due process and equal protection which is guaranteed by the United States Constitution in the Fifth and Fourteenth Amendments and the Corresponding parts of the Missouri State Constitution. The plaintiff appeared in the criminal matter when he served and filed his moving papers. Even though the Missouri Rules of Criminal Procedure require a response by the prosecution to plaintiff's motion to dismiss and motion to suppress, no response was served and filed by defendant Michael P. Hutchings. Further, defendant Michael P. Hutchings apparently made no argument or objection before the court. Therefore, his argument and any objections have been effectively waived as provided in the Missouri Rules of Criminal Procedure. However, defendant Robert David Ray made a notation on the docket sheet, "That the state appears on motions filed by defendant. Defendant fails to appear. Motions filed by the defendant are overruled."

38. This plaintiff has never before had a motion overruled. Now, the plaintiff has had objections overruled and motions granted or denied in the past but the defendant Robert David Ray who was a criminal defense attorney for over three (3) decades knows the difference between overruled, granted and denied. It should also be noted that defendant Robert David Ray made no findings of fact, conclusions of law or an order, as required by the Missouri Rules of Criminal Procedure, in order for the plaintiff to appeal. Defendant Robert David Ray simply had the clerk mail a copy of the docket sheet to the plaintiff. Said discrimination and denial of constitutional rights and the failure to follow proper procedural rules make defendant Robert David Ray incompetent to rule on the motion to dismiss and the motion to suppress because of political pressure from the State of Missouri and defendant Michael P. Hutchings, who is attempting to salvage his case, and neither wants to spend a single penny on the defense of indigent criminal defendants.

39. All defendants are sued in their individual and official capacities as the law allows.

40. At all times relevant and material to this complaint, all the defendants herein acted under color of the statutes, customs, ordinances, and usage of the State of Missouri and Howell County.

Wherefore, plaintiff requests that this Court grant the following relief:

1. That this Court issue a temporary restraining order and permanent injunction requiring defendants Howell County, Robert David Ray and Michael P. Hutchings to cease and desist in the criminal prosecution of the plaintiff in this matter and order that these defendants immediately

take measures to reinstate plaintiff's Missouri driving privileges and inform the State of Minnesota of the change in plaintiff's driver's license status so as to facilitate the reinstatement of plaintiff's Minnesota driver's license.

2. That this Court issue a declaratory judgment declaring that the acts, practices and policies of defendants Howell County, Robert David Ray, Michael P. Hutchings, Bethany Hanson Turner, Scott L. Nelson and Levi Stoops violate the plaintiff's constitutional rights.

3. That this Court grant compensatory and/or general damages in excess of $50,000.00 against each and every defendant.

4. That this Court grant punitive damages against each and every individual defendant as may be deemed reasonable and allowed under law.

5. Trial by jury on all issues triable by jury.

6. Plaintiff's costs involved in this lawsuit.

7. Any and all other relief deemed just, proper and equitable.

Respectfully Submitted,

Dated: 4-25-21

Lance Gerald Milliman
Plaintiff pro se
60009 373rd Street
Eden Valley, Minnesota 55329
(320) 434-0668
lancemilliman@gmail.com