IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LANCE GERALD MILLIMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HOWELL COUNTY, et al., | ) | Case No. 6:21-cv-03119-MDH |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff Lance Milliman's Motion for Temporary Restraining Order. (Doc. 5). Plaintiff requests that "the defendants should be ordered to immediately take steps to reinstate plaintiff's Missouri driving privileges and immediately take steps to inform the State of Minnesota of the changes in plaintiff's driving privileges to facilitate reinstatement of plaintiff's Minnesota driver's licenses." For the reasons set forth herein, Plaintiff's Motion is **DENIED**.

## BACKGROUND

This case is brought as a civil rights action under 42 U.S.C. § 1983. Plaintiff's Complaint sets forth this civil action seeking money damages, injunctive, and declaratory relief against the defendants for committing acts, under color or law, which deprived the plaintiff of rights secured under the United States Constitution. (Doc. 3, p. 1). Defendants are Howell County, Missouri; Associate Circuit Court Judge, 37th Judicial Circuit Robert David Ray; Howell County prosecutor Michael P. Hutchings; public defender Bethany Hanson Turner; Missouri State Highway Patrol trooper Scott L. Nelson; and Missouri Highway Patrol commercial vehicle inspector Levi Stoops.

Plaintiff previously worked as a commercial truck driver. In 2010, Milliman was pulled over by a Missouri highway patrol commercial vehicle inspector while driving his commercial

1

truck through Andrew County, Missouri. Milliman was cited for operating as an interstate motor fuel user without being properly licensed or having purchased the appropriate permits, and for failing to keep a proper driver's logbook, in violation of several Missouri state laws. On February 26, 2011, Milliman was again driving his commercial truck through Missouri, and he pulled into an open weigh station in Howell County. A Missouri highway patrol commercial vehicle inspector inspected Milliman's logbook, license, permits, and bills of lading, and told Milliman that a state trooper was on his way to speak with Milliman. Defendant Nelson, a Missouri State Highway patrol trooper, arrived on the scene shortly thereafter and placed Milliman under arrest based on the outstanding warrant from Andrew County. Nelson searched Milliman's truck and found marijuana and drug paraphernalia. Milliman was charged in Howell County with possession of marijuana, driving under the influence, possession of drug paraphernalia, and failure to keep a proper logbook. Plaintiff alleges a wide range of constitutional violations against all defendants, including claims under the First Amendment, Fourth Amendment, Fifth Amendment, Sixth Amendment, and Fourteenth Amendment.

## STANDARD

The Eighth Circuit has summarized the factors required to determine whether a temporary restraining order should issue pursuant to Federal Rule of Civil Procedure 65:

> In sum, whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 114 (8th Cir. 1981); *see generally Prudential Ins. Co. of Am. v. Inlay*, 728 F. Supp. 2d 1022, 1028 (N.D. Iowa 2010) ("it is well-settled in this circuit that applications for preliminary injunctions and temporary restraining orders are generally

measured against the same factors"). No single factor is determinative in balancing the equities. *Dataphase,* 640 F.2d at 113. The burden of establishing the necessity of a temporary restraining order is on the movant. *See Nokota Horse Conservancy, Inc. v. Bernhardt*, 666 F. Supp. 2d 1073, 1077 (D.N.D. 2009) (citing *Baker Elec. Coop., Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994)).

## DISCUSSION

Plaintiff has not demonstrated the existence of any of the factors required to grant this extraordinary relief. Plaintiff acknowledges that he has been without his driver's licenses for approximately ten years, and "it is true that a majority of the loss and damage has already occurred." (Doc. 6, p. 3). Plaintiff furthermore asserts that "[w]hile it is hard to gauge the likelihood of the plaintiff prevailing on the merits, the plaintiff has made a good faith pro se argument setting forth the defendant's constitutional violations complained of herein." *Id*. Such a statement is not sufficient for the Court to conclude that Plaintiff could likely prevail on the merits. Indeed, Plaintiff's failure to do so in several similar cases in the Minnesota District Court and Minnesota State Court further undermines this argument. *See Milliman v. Driver License Compact Comm'r, et al., Case No. 15-2779 and Milliman v. Driver License Compact Comm'r, et al., Case No. 16-1209 in the United States District Court for the District of Minnesota. Also see Milliman v. Karsten, et al., Meeker County, Minnesota Case No. 47-CV-18-704, Appeal No. A19-0360.* Lastly, Plaintiff is effectively asking this Court to reverse the consequences of Plaintiff's criminal convictions in the state court—in which he repeatedly did not appear—which is not in the public interest.

## CONCLUSION

Wherefore, for the reasons set forth herein, the Court **DENIES** Plaintiff's Motion for Temporary Restraining Order.

3

Case 6:21-cv-03119-MDH   Document 13   Filed 06/08/21   Page 3 of 4

**IT IS SO ORDERED.**

DATED: June 8, 2021

                                           */s/ Douglas Harpool*
                                           **DOUGLAS HARPOOL**
                                           **UNITED STATES DISTRICT JUDGE**