# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| LANCE GERALD MILLIMAN, | ) |
|         Plaintiff, | ) |
| v. | ) Case No. 6:21-CV-03119-MDH |
| HOWELL COUNTY, MISSOURI, et al., | ) |
|         Defendants. | ) |

## ORDER

Before the Court is Defendants Howell County, Missouri's and Michael Hutchings' ("Defendants") Motion to Quash. (Doc. 12). Hutchings is a prosecuting attorney for Howell County. Defendants request that this Court quash the purported service of the Complaint.

Defendants Howell County, Missouri, and Michael Hutchings were purportedly served with Plaintiff's summons and Complaint on May 28, 2021, via U.S. Mail addressed to the Howell County Courthouse. Fed. R. Civ. P. 4(e) provides in its entirety:

> **(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>     **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>     **(2)** doing any of the following:
>         **(A)** delivering a copy of the summons and of the complaint to the individual personally;
>         **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>         **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

The Howell County Courthouse is not Defendant Hutchings dwelling house or usual place of abode, and he has not authorized Howell County, Missouri to accept service on his behalf or

1

vice versa, nor is defense counsel aware of any applicable rule or statute authorizing Howell County, Missouri to do so. See *Rommy v. Friedman*, 2018 WL 1079614, at *7 (N.D. W. Va. Jan. 31, 2018) (in a lawsuit against employees of the Department of Justice, service on other DOJ employees in the same building was insufficient under Rule 4 where defendants had not authorized other employees or "anyone in the mailroom" to accept service on their behalf). "[L]eaving a copy of the summons at the defendant's place of employment, when the service of process statute requires that the server leave it at the defendant's dwelling, is not valid service of process." *Marshall v. Warwick*, 155 F.3d 1027, 1030 (8th Cir. 1998); see *Doe v. St. James Parish Sch. Bd.*, 2016 U.S. Dist. LEXIS 51571, 2016 WL 1558794, at *3 (E.D. La. Apr. 18, 2016) (service on individual defendants in their individual capacities in § 1983 action was invalid under Rule 4(e) where plaintiff left summons and complaint with an employee at defendants' place of employment and offered no evidence the employee had been appointed to accept service). As a result, Plaintiff has failed to serve Defendants under Rule 4(e).

If the Court were to construe Plaintiff's Complaint to state a claim against Defendant Hutchings in his official capacity, the Court would use the same analysis for determining whether service was proper as it would for Defendant Howell County. Fed. R. Civ. 4(j) provides for service on a state or local government:

> **(2)** State or Local Government. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
> **(A)** delivering a copy of the summons and of the complaint to its chief executive officer; or
> **(B)** serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Missouri Supreme Court Rule 54.13(b)(4) provides for service, in the case of a county, by delivering a copy to the commission, or the county clerk. There is no statute or court rule providing

that a county may be served by leaving process with unnamed employees or with the county prosecutor.

Because Plaintiff has not served process on either Defendant in compliance with Fed. R. Civ. P. 4, it is hereby **ORDERED** that the purported service on Defendants Howell County and Hutchings is quashed. Plaintiff is further **ORDERED** to comply with the applicable rules for service set forth in Fed. R. Civ. P. 4.

**IT IS SO ORDERED.**

Dated: June 22, 2021                          */s/ Douglas Harpool*
                                                         **DOUGLAS HARPOOL**
                                                         **United States District Judge**