IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| LANCE GERALD MILLIMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:21-CV-03119-MDH |
| ) | |
| HOWELL COUNTY, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendants Howell County, Missouri's and Michael P. Hutchings' Motion to Dismiss. (Doc. 22). Plaintiff did not respond to the instant Motion. For the reasons set forth herein, the Motion is **GRANTED**.

## BACKGROUND

This case is brought as a civil rights action under 42 U.S.C. § 1983. Plaintiff's Complaint sets forth this civil action seeking money damages, injunctive, and declaratory relief against the defendants for committing acts, under color or law, which deprived the plaintiff of rights secured under the United States Constitution. (Doc. 3, p. 1). Defendants are Howell County, Missouri; Associate Circuit Court Judge, 37th Judicial Circuit Robert David Ray; Howell County prosecutor Michael P. Hutchings; public defender Bethany Hanson Turner; Missouri State Highway Patrol trooper Scott L. Nelson; and Missouri Highway Patrol commercial vehicle inspector Levi Stoops.

Plaintiff previously worked as a commercial truck driver. In 2010, Milliman was pulled over by a Missouri highway patrol commercial vehicle inspector while driving his commercial truck through Andrew County, Missouri. Milliman was cited for operating as an interstate motor fuel user without being properly licensed or having purchased the appropriate permits, and for

1

failing to keep a proper driver's logbook, in violation of several Missouri state laws. On February 26, 2011, Milliman was again driving his commercial truck through Missouri, and he pulled into an open weigh station in Howell County. A Missouri highway patrol commercial vehicle inspector inspected Milliman's logbook, license, permits, and bills of lading, and told Milliman that a state trooper was on his way to speak with Milliman. Defendant Nelson, a Missouri State Highway patrol trooper, arrived on the scene shortly thereafter and placed Milliman under arrest based on the outstanding warrant from Andrew County. Nelson searched Milliman's truck and found marijuana and drug paraphernalia. Milliman was charged in Howell County with possession of marijuana, driving under the influence, possession of drug paraphernalia, and failure to keep a proper logbook. Plaintiff alleges a wide range of constitutional violations against all defendants, including claims under the First Amendment, Fourth Amendment, Fifth Amendment, Sixth Amendment, and Fourteenth Amendment.

## STANDARD

Fed. R. Civ. P. 12(b)(6) permits a party to move for dismissal of a cause of action that "fail[s] to state a claim upon which relief may be granted." The notice pleading standards contained in Rule 8(a)(2) require only "a short and plain statement showing that the pleader is entitled to relief." However, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means that the factual content of the Complaint's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).

# DISCUSSION

The claims set forth in this underlying lawsuit by Plaintiff, Lance Milliman, have already been adjudicated in one or more opinions handed down by the United States District Court for the District of Minnesota, which was affirmed on appeal by the United States Court of Appeals for the Eighth Circuit. *See Milliman v. Driver License Compact Comm'r*, Case No. 16- cv-1209, 2016 U.S. Dist. LEXIS 126763 (D. Minn. May 23, 2016). In an action against the same Missouri and Minnesota officials named in the above-captioned suit, including Howell County, Mr. Milliman asserted claims under 42 U.S.C. § 1983 based on the same factual allegations. The District Court in Minnesota found that it lacked personal jurisdiction over Howell County and Hutchings but dismissed Mr. Milliman's claims against both with prejudice because the defects in his claims could not be cured by amendment. *Id*. at 17. Specifically, the District Court found that Hutchings was entitled to prosecutorial immunity and all applicable statutes of limitations barred Mr. Milliman's claims against Howell County. *Milliman v. Driver License Compact Comm'r,* Case No. 16-cv-1209, 2016 U.S. Dist. LEXIS 126783 (D. Minn. Sept. 16, 2016). On appeal, the Eighth Circuit summarily affirmed. *Milliman v. Driver License Compact Comm'r*, Case No. 17-2715 (8th Cir. Jan. 2, 2018).

This Court similarly finds that Mr. Milliman's claims against Howell County are barred by the applicable statutes of limitations, and Hutchings is immune from Mr. Milliman's claims based on the doctrine of prosecutorial immunity. Accordingly, Plaintiff's Complaint against Defendants Howell County and Hutchings is dismissed.

### A. Howell County

Plaintiff's claims are barred by all applicable statutes of limitations. "Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the

State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387, 127 S. Ct. 1091, 1093, 166 L. Ed. 2d 973 (2007). *Wallace* held that for some Fourth Amendment claims, the most closely analogous tort was false imprisonment. *Id*. at 388-389. Mo. Rev. Stat. 516.140 states that false imprisonment claims have a statute of limitations of two years. Significantly, this statute of limitations begins to run once the legal process is initiated. "Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389, 127 S. Ct. 1091, 1096, 166 L. Ed. 2d 973 (2007).

Plaintiff's claims are also barred by the five-year personal injury statute of limitation of Mo. Rev. Stat. 516.120. *Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005) (applying the five-year statute of limitations of Mo. Rev. Stat. 516.120(4) to prisoner's 1983 claims). *See also Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (§ 1983 actions should be characterized as personal injury claims for purpose of applying appropriate state statute of limitations); *Farmer v. Cook,* 782 F.2d 780, 780 (8th Cir.1986) (§ 1983 claims brought in Missouri were subject to 5–year statute of limitations).

Because the alleged injury occurred on February 26, 2011, and legal proceedings commenced shortly thereafter, Plaintiff's claims asserted nearly a decade later against Howell County are barred by all applicable statutes of limitations.

### B. Prosecutor Hutchings

Prosecutors enjoy absolute immunity in their review of and decisions to charge a violation of the law. *Imbler*, 424 U.S. at 420–27, 431, 96 S.Ct. 984. Absolute immunity protects prosecutors

4

against claims arising from their initiation of a prosecution and presenting a criminal case "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991) (quoting *Imbler*, 424 U.S. at 430, 96 S.Ct. 984). Because the immunity depends upon the functional nature of the prosecutor's activities, allegations of improper motive in the performance of prosecutorial functions will not defeat its protection. *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987), *abrogated on other grounds, Burns v. Reed*, 500 U.S. 478, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). *See also Reasonover v. St. Louis Cnty.*, 447 F.3d 569, 580 (8th Cir. 2006). *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016).

Mr. Milliman's only claim against Prosecutor Hutchings relates to Hutchings' decision to pursue criminal charges against Mr. Milliman in Howell County. Even if every allegation from Mr. Milliman's Complaint about the impropriety of the traffic stop, search, and arrest warrant were true, there are no allegations that would overcome Hutchings' immunity from suit for claims arising from the pursuit of criminal charges arising from the arrest. *See also*, *Milliman,* Case No. 16-cv-1209, 2016 U.S. Dist. LEXIS 126783 at 17.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss (Doc. 22) is **GRANTED**. Plaintiff's Complaint is dismissed with prejudice as to Defendants Howell County, Missouri and Michael P. Hutchings.

**IT IS SO ORDERED.**

Dated: September 9, 2021     */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**United States District Judge**