IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| LANCE GERALD MILLIMAN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:21-CV-03119-MDH |
| | ) | |
| HOWELL COUNTY, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Bethany Turner's Motion to Dismiss. (Doc. 24). Turner moves the Court to dismiss her as a party to the above-captioned case. For the reasons set forth herein, the Motion is **GRANTED**.

## BACKGROUND

Pursuant to U.S.C. § 1983, Plaintiff Milliman has sued, Defendant Turner, a Missouri State Public Defender. The other Defendants are Howell County, Judge David Ray, Howell County Prosecuting Attorney Mr. Michael Hutchings, and Missouri State Highway Patrol Officer Scott Nelson for various constitutional violations stemming from incidents relating to a traffic stop and subsequent arrest of Plaintiff that occurred in 2011. Plaintiff alleges that Turner violated his Sixth Amendment Rights by declining to represent him since he did not meet the financial exigency requirements to qualify for the services of the Public Defender's Office.

## STANDARD

Fed. R. Civ. P. 12(b)(6) permits a party to move for dismissal of a cause of action that "fail[s] to state a claim upon which relief may be granted." The notice pleading standards contained in Rule 8(a)(2) require only "a short and plain statement showing that the pleader is entitled to

1

relief." However, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means that the factual content of the Complaint's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).

## DISCUSSION

First, Plaintiff's claims against Turner are barred by the applicable statutes of limitations. "Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387, 127 S. Ct. 1091, 1093, 166 L. Ed. 2d 973 (2007). Plaintiff's claims are barred by the five year personal injury statute of limitation of Mo. Rev. Stat. 516.120. *Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005) (applying the five year statute of limitations of Mo. Rev. Stat. 516.120(4) to prisoner's 1983 claims). *See also Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (§ 1983 actions should be characterized as personal injury claims for purpose of applying appropriate state statute of limitations); *Farmer v. Cook,* 782 F.2d 780, 780 (8th Cir.1986) (§ 1983 claims brought in Missouri were subject to 5–year statute of limitations). Plaintiff filed his Complaint against Defendants, including Turner, on May 11, 2021. The alleged injury, however, occurred sometime in 2011, approximately ten years before Plaintiff's Complaint. (*See* Compl. ¶ 9). Therefore, Plaintiff's claims against Turner are barred by the statute of limitations his claims against Turner are dismissed.

## CONCLUSION

2

For the reasons set forth herein, Defendant Turner's Motion to Dismiss (Doc. 24) is **GRANTED**. Defendant Turner is dismissed as a party in this case.

**IT IS SO ORDERED.**

Dated: September 9, 2021
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　 _/s/ Douglas Harpool_
**DOUGLAS HARPOOL**
**United States District Judge**