IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| LANCE GERALD MILLIMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 6:21-CV-03119-MDH |
| HOWELL COUNTY, MISSOURI, et al., | ) ) ) |
| Defendants. | ) |

# ORDER

Before the Court is Defendant Levi Stoops' Motion to Dismiss. (Doc. 31). For the reasons set forth herein, the Motion is **GRANTED**.

## BACKGROUND

This case is brought as a civil rights action under 42 U.S.C. § 1983. Plaintiff's Complaint sets forth this civil action seeking money damages, injunctive, and declaratory relief against the defendants for committing acts, under color or law, which deprived the plaintiff of rights secured under the United States Constitution. (Doc. 3, p. 1). Defendants are Howell County, Missouri; Associate Circuit Court Judge, 37th Judicial Circuit Robert David Ray; Howell County prosecutor Michael P. Hutchings; public defender Bethany Hanson Turner; Missouri State Highway Patrol trooper Scott L. Nelson; and Missouri Highway Patrol commercial vehicle inspector Levi Stoops.

Plaintiff previously worked as a commercial truck driver. In 2010, Milliman was pulled over by a Missouri highway patrol commercial vehicle inspector while driving his commercial truck through Andrew County, Missouri. Milliman was cited for operating as an interstate motor fuel user without being properly licensed or having purchased the appropriate permits, and for failing to keep a proper driver's logbook, in violation of several Missouri state laws. On February

1

26, 2011, Milliman was again driving his commercial truck through Missouri, and he pulled into an open weigh station in Howell County. A Missouri highway patrol commercial vehicle inspector inspected Milliman's logbook, license, permits, and bills of lading, and told Milliman that a state trooper was on his way to speak with Milliman. Defendant Nelson, a Missouri State Highway patrol trooper, arrived on the scene shortly thereafter and placed Milliman under arrest based on the outstanding warrant from Andrew County. Nelson searched Milliman's truck and found marijuana and drug paraphernalia. Milliman was charged in Howell County with possession of marijuana, driving under the influence, possession of drug paraphernalia, and failure to keep a proper logbook. Plaintiff alleges a wide range of constitutional violations against all defendants, including claims under the First Amendment, Fourth Amendment, Fifth Amendment, Sixth Amendment, and Fourteenth Amendment.

Plaintiff's claims against Defendant Stoops involve Plaintiff encountering Stoops, a commercial vehicle inspector, at the weigh station. Defendant Stoops allegedly told Plaintiff that "a state trooper is coming up here to talk to you, you are not under arrest but you cannot leave either." (Compl. at 4). Plaintiff also seems to allege, though it is not entirely clear, that Defendant Stoops is the person responsible for calling law enforcement to the weigh station.

## STANDARD

Fed. R. Civ. P. 12(b)(6) permits a party to move for dismissal of a cause of action that "fail[s] to state a claim upon which relief may be granted." The notice pleading standards contained in Rule 8(a)(2) require only "a short and plain statement showing that the pleader is entitled to relief." However, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means that the factual

2

Case 6:21-cv-03119-MDH    Document 36    Filed 09/23/21    Page 2 of 4

content of the Complaint's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).

## DISCUSSION

Plaintiff's claims are barred by all applicable statutes of limitations. "Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387, 127 S. Ct. 1091, 1093, 166 L. Ed. 2d 973 (2007). *Wallace* held that for some Fourth Amendment claims, the most closely analogous tort was false imprisonment. *Id*. at 388-389. Mo. Rev. Stat. 516.140 states that false imprisonment claims have a statute of limitations of two years. Significantly, this statute of limitations begins to run once the legal process is initiated. "Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389, 127 S. Ct. 1091, 1096, 166 L. Ed. 2d 973 (2007).

Plaintiff's claims would also be barred under the longer five-year personal injury statute of limitation of Mo. Rev. Stat. 516.120. *Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005) (applying the five-year statute of limitations of Mo. Rev. Stat. 516.120(4) to prisoner's 1983 claims). *See also Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (§ 1983 actions should be characterized as personal injury claims for purpose of applying appropriate state statute of limitations); *Farmer v. Cook,* 782 F.2d 780, 780 (8th Cir.1986) (§ 1983 claims brought in Missouri were subject to 5–year statute of limitations).

Because the alleged injury occurred on February 26, 2011, and legal proceedings concluded shortly thereafter, Plaintiff's claims asserted nearly a decade later against Stoops are barred by all applicable statutes of limitations.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss (Doc. 31) is **GRANTED**. Plaintiff's Complaint is dismissed with prejudice as to Defendant Levi Stoops.

**IT IS SO ORDERED.**

Dated: September 23, 2021  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**