IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| LANCE GERALD MILLIMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:21-CV-03119-MDH |
| | ) |
| HOWELL COUNTY, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

The Court on its own motion hereby **ORDERS** that Defendant Judge Robert David Ray be dismissed from the above-captioned case for the reasons set forth in this order. As Defendant Judge Ray is the final defendant remaining in this case, the above-captioned case is dismissed in its entirety.

This case is brought as a civil rights action under 42 U.S.C. § 1983. Plaintiff's Complaint sets forth this civil action seeking money damages, injunctive, and declaratory relief against the defendants for committing acts, under color or law, which deprived the plaintiff of rights secured under the United States Constitution. (Doc. 3, p. 1). Defendants are Howell County, Missouri; Associate Circuit Court Judge, 37th Judicial Circuit Robert David Ray; Howell County prosecutor Michael P. Hutchings; public defender Bethany Hanson Turner; Missouri State Highway Patrol trooper Scott L. Nelson; and Missouri Highway Patrol commercial vehicle inspector Levi Stoops. All Defendants apart from Defendant Judge Ray have been dismissed from this case. (Docs. 33-36). While Defendant Judge Ray was allegedly served on July 13, 2021 (Doc. 21), no timely answer was filed and no counsel appeared on his behalf.

1

The Court, after reviewing the arguments made on behalf of all other named Defendants in their respective motions to dismiss, finds that the reasons requiring dismissal of those parties also applies to Defendant Judge Ray. Additionally, the Court finds that judicial immunity applies to Defendant Judge Ray, and he must be dismissed as a party for that reason as well.

It is not entirely clear what cause of action Plaintiff attempts to assert against Defendant Judge Ray. To the best the Court can discern, Plaintiff appears to argue that Defendant Judge Ray inappropriately had some role in denying Plaintiff a public defender for legal representation and otherwise allegedly did not treat Plaintiff fairly in court proceedings.

Plaintiff's claims are barred by all applicable statutes of limitations. "Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387, 127 S. Ct. 1091, 1093, 166 L. Ed. 2d 973 (2007). Plaintiff's claims would be barred under the five-year personal injury statute of limitation of Mo. Rev. Stat. 516.120. *Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005) (applying the five-year statute of limitations of Mo. Rev. Stat. 516.120(4) to prisoner's 1983 claims). *See also Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (§ 1983 actions should be characterized as personal injury claims for purpose of applying appropriate state statute of limitations); *Farmer v. Cook,* 782 F.2d 780, 780 (8th Cir.1986) (§ 1983 claims brought in Missouri were subject to 5–year statute of limitations). Because the alleged injury, as it relates to Defendant Judge Ray, occurred in early 2011, Plaintiff's claims asserted nearly a decade later against Judge Ray are barred by all applicable statutes of limitations.

2

Case 6:21-cv-03119-MDH   Document 37   Filed 09/23/21   Page 2 of 3

Furthermore, under the doctrine of absolute judicial immunity, it is well established that "[a] judge is entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)). *See also, e.g.*, *Maness v. District Court of Logan County*, 495 F.3d 943, 944 (8th Cir. 2007). Judicial immunity protects the finality of judgments, discourages inappropriate collateral attacks, and "protect[s] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988) (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1872)). *Smith v. Finch*, 324 F. Supp. 3d 1012, 1020 (E.D. Mo. 2018). Accordingly, Defendant Judge Ray is immune from suit in this matter.

## CONCLUSION

For the foregoing reasons, Defendant Judge Ray is dismissed from the above-captioned case. As all named defendants have now been dismissed from this case, the above-captioned matter is **ORDERED** to be dismissed in its entirety.

**IT IS SO ORDERED.**

Dated: September 23, 2021            */s/ Douglas Harpool*
                                                            **DOUGLAS HARPOOL**
                                                            **United States District Judge**